IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Curt O. Hall, )<br><br>Plaintiff, )<br><br>v. )<br><br>UBS Financial Services Inc., Mary Lucy Reid,<br>Individually, and Ryan McLaughlin, Individually, )<br><br>Defendants. ) | C.A. No.: 6:19-CV-03316-TMC |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT UBS FINANCIAL SERVICES INC.'S MOTION TO DISMISS**

Plaintiff Curt O. Hall ("Plaintiff"), by and through his undersigned counsel, hereby submits this Memorandum in Opposition to Defendant UBS Financial Services Inc.'s ("UBS") Motion to Dismiss in the above-captioned matter.

**INTRODUCTION**

In its Motion to Dismiss and Memorandum in Support (collectively the "Motion"), UBS alleges Plaintiff failed to provide sufficient facts to constitute its causes of action for Negligence, Breach of Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty and Defamation against the company. For the following reasons, UBS' Motion as to all Plaintiff's cause of action against it should be DENIED.

**STANDARD OF REVIEW**

A Motion to Dismiss under SCRCP Ruler 12(b)(6) must be denied as a complaint needs to only "contain factual allegations to 'state a claim to relief that is plausible on its face.'" *Moore v. Grady Mem'l Hosp. Corp.*, 834 F.3d 1168, 1171 (11th Cir. 2016) *(quoting Bell Atl. Corp. v.*

1

*Twombly,* 550 U.S. at 555. A Court must accept the allegations of the Plaintiff as true as it is reviewing the motion to dismiss. "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is…'exceeding low.'" *Corbett v. Transp. Sec. Admin.*, 968 F. Supp. 2d 1171, 1178(S.D. Fla. 2012) (quoting *Ancata v. Prison Health Servs., Inc.* 769 F.2d 700, 703 (11th Cir. 1985)).

## ARGUMENT

**I.    LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff and Defendant Ryan McLaughlin, Individually, are both citizens and residents of the State of South Carolina and, accordingly, this Court lacks subject matter jurisdiction to hear this matter.  28 U.S. Code § 1332.  Further, Plaintiff incorporates his forthcoming Motion to Remand herein by reference as if restated verbatim.

**II.    NEGLIGENCE – PLAINTIFF'S FIRST CAUSE OF ACTION**

In their Motion, UBS argues that Plaintiff is barred from bringing a negligence cause of action against UBS because it is barred by the "exclusivity provision" of the South Carolina Workers' Compensation Act as cited in South Carolina Code Ann. § 42-1-540, which states as follows:

> "The rights and remedies granted by this title to an employee when he and his employer have accepted the provisions of this title, respectively, to pay and accept compensation **on account of personal injury or death by accident**, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, **on account of such injury, loss of service or death**. Provided, however, this limitation of actions shall not apply to injuries resulting from acts of a subcontractor of the employer or his employees or bar actions by an employee of one subcontractor against another subcontractor or his employees when both subcontractors are hired by a common employer."

*See South Carolina Code Ann*. § 42-1-540 (emphasis added).   As the "exclusivity provision" only

relates to personal injury or death by accident, none of which is alleged by Plaintiff, UBS's argument is wholly erroneous. Further, Plaintiff has properly plead factual allegations to state a claim to relief for negligence that is plausible on its face and, accordingly, UBS's Motion as it relates to Plaintiff's First Cause of Action for negligence should be DENIED.

### III. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING – PLAINTIFF'S SECOND CAUSE OF ACTION

In their Motion, UBS makes the inexplicable assertion that Plaintiff did not have a contract with UBS while Plaintiff was an employee of UBS, whether written or otherwise. "Under South Carolina law, there exists in every contract an implied covenant of good faith and fair dealing. *Parker v. Byrd*, 309 S.C. 189, 420 S.E.2d 850 (1992). *Shelton v. Oscar Meyer Foods Corp.*, 459 S.E.2d 851, 319 S.C. 81 (S.C. App. 1995). In the matter at hand, Plaintiff has alleged that UBS breached the implied covenant of good faith and fair dealing in its employment agreement with him "in not fully investigating the allegations brought forth against Plaintiff and [UBS's] self-dealing on advancing its own goals" in its decision to terminate Plaintiff for the reasons UBS reported. *See e.g. Complaint and* ¶ 41.

In his Complaint, Plaintiff has properly plead factual allegations to allege that UBS did not deal fairly with him that is plausible on its face and, accordingly, UBS's Motion as it relates to Plaintiff's Second Cause of Action for breach of the implied covenant of good faith and fair dealing should be DENIED. In the alternative, Plaintiff requests leave to amend its Complaint to plead the existence of the contract and, resultingly, the implied covenants therein.

### IV. BREACH OF FIDUCIARY DUTY – PLAINTIFF'S THIRD CAUSE OF ACTION

In their Motion, UBS argues that there is no fiduciary relationship in a normal employer-employee relationship. UBS further makes reference that there is "no fiduciary relationship

between the Plaintiff and her employer" and that a "mere employer-employee relationship is not sufficient to create a fiduciary duty under South Carolina law" wherein that is clearly not accurate. *See e.g. Armstrong v. School Dist. Five, Lexington, Richland*, 26 F.Supp.2d 789 (D. S.C. 1998) (*finding a fiduciary relationship between an employer and employee*) *and see Davis v. Greenwood School Dist. 50, 620 S.E.2d 65, 365 S.C. 629 (S.C. 2005)* (*finding a fiduciary relationship between an employer and employee*).

The South Carolina Courts instead "have carefully refrained from defining the particular instances of fiduciary relationship in such a manner that other and perhaps new cases might be excluded and have refused to set any bounds to the circumstances out of which a fiduciary relationship may spring." *Island Car Wash, Inc. v. Norris*, 358 S.E.2d 150, 292 S.C. 595 (S.C. App. 1986). "Moreover, it is a well-settled equitable rule that anyone acting in a fiduciary relationship shall not be permitted to make use of that relationship to benefit his own personal interests. It is a doctrine repeatedly announced by the courts of this nation that courts of equity will scrutinize with the most zealous vigilance transactions between parties occupying confidential relations toward each other and particularly any transaction between the parties by which the dominant party secures any profit or advantage at the expense of the person under his influence. Island Car Wash, Inc. v. Norris, 358 S.E.2d 150, 292 S.C. 595 (S.C. App. 1986) (citing 36A C.J.S. Fiduciary at 388 (1983)).

In the matter at hand, Plaintiff has properly plead factual allegations to allege that UBS, the dominant party, secured an advantage by advancing its own goals that is plausible on its face and, accordingly, UBS's Motion as it relates to Plaintiff's Third Cause of Action for breach of fiduciary duty should be DENIED. In the alternative, Plaintiff requests leave to amend its

Complaint to plead the existence of additional basis for the Plaintiff's special confidence in UBS and his contract with UBS.

V.     **DEFAMATION – PLAINTIFF'S FOURTH CAUSE OF ACTION**

In their Motion, UBS argues first that UBS's statement regarding Plaintiff's violation of human resource policies related to professional conduct is true and Plaintiff plead as such. This is patently erroneous as Plaintiff has clearly plead that the statement UBS made concerning him violating human resource policies related to professional conduct was false and, along with the other allegations of the Complaint, made a *prima facie* case for defamation. *See Complaint* ¶¶ 49 and 50.

UBS next argues that because of the allegedly "quasi-judicial" nature of FINRA, the statement was privileged; either absolutely or in a qualified way. Despite UBS's contention otherwise, FINRA is in no way "quasi-judicial"; instead FINRA is an independent, non-governmental, private nonprofit corporation that self regulates all registered broker-dealer firms and registered brokers in the United States under the supervision of the Securities and Exchange Commission. See e.g. www.finra.org and see e.g. https://advisorhub.com/ubs-hit-with-biggest-finra-employee-arbitration-penalty-of-year/ (where FINRA itself, as arbitrator, held that the dismissal papers UBS submitted to FINRA defamed an employee). As FINRA is not "quasi-judicial", UBS's false statement in its reporting to FINRA does not carry an absolute privilege.

With regard to UBS's assertion that the false statement is eligible for qualified privilege immunity is contradicted by Plaintiff's entire complaint wherein Plaintiff asserts that UBS's acted in bad faith in intentionally failing to fully investigate the allegations brought forth against Plaintiff and self-dealing to advance its own goals.

5

Accordingly, in his Complaint, Plaintiff has properly plead factual allegations to allege that UBS defamed him with their false publication to FINRA that is plausible on its face and, accordingly, UBS's Motion as it relates to Plaintiff's Fourth Cause of Action for defamation should be DENIED.   In the alternative, Plaintiff requests leave to amend its Complaint to plead the falsity of the statement UBS published to FINRA.

## VI.     LEAVE TO AMEND

As Professor James F. Flanagan observed in South Carolina Civil Procedure 445 (2d ed. 1996), "[t]he purpose of the rules is to secure justice, and consequently, they reduce formalities and technicalities."  *See Angela Patton, Alexia L. v. Gregory A. Miller, M.D., Rock Hill Gynecological & Obstetrical Assocs., P.A.*, 804 S.E.2d 252, 420 S.C. 471, 493 (S.C. 2017). Accordingly, should the Court find Plaintiff "merely summarily asserted the elements of h[is] claim", as UBS suggests on Page 7 of its Memorandum, Plaintiff requests leave to amend any deficiency in the factual recitations of his Complaint

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that UBS's Motion as to all four of Plaintiff's causes of action against it be DENIED as Plaintiff has made prima facia case for each and that Plaintiff be allowed to perform discovery into all claims.

Respectfully submitted the 18th of December 2019.

                                                   TOWNES B. JOHNSON III, LLC

                                                 /s/ Townes B. Johnson III
                                                 Townes B. Johnson III (Fed ID: 10046)
                                                 P.O. Box 9246
                                                 Greenville, SC 29604
                                                 (864) 757-4899
                                                 tjohnson@sc.legal

                                                 *Attorneys for Plaintiff*