IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Curt O. Hall,<br><br>    Plaintiff,<br><br>  v.<br><br>UBS Financial Services Inc.,<br>Mary Lucy Reid, Individually, and<br>Ryan McLaughlin, Individually<br><br>    Defendants. | C.A. NO.: 6:19-CV-03316-TMC |

**DEFENDANT MARY LUCY REID'S**
**RESPONSE TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT MARY LUCY REID'S MOTION TO DISMISS**

COMES NOW Defendant Mary Lucy Reid ("Ms. Reid") and files this Response to Plaintiff's Memorandum in Opposition to Ms. Reid's Motion to Dismiss Plaintiff's Complaint ("Plaintiff's Opposition"), and all causes of action therein, pursuant to Rule 12(b)(6), SCRCP.[1] For the reasons previously set forth in Ms. Reid's original Motion to Dismiss and Memorandum in Support, as well as expanded upon herein, Plaintiff has failed to state facts sufficient to constitute any cause of action against Ms. Reid. In support of her Response, Ms. Reid hereby incorporates all arguments previous set forth in her Motion to Dismiss and Memorandum in Support and shows the Court as further support the following:

---

[1] Causes of Action 1 through 4 are not alleged against Ms. Reid. As such, no additional responsive pleading is required. To the extent a response is required, Ms. Reid is without sufficient knowledge to respond on behalf of another defendant and, therefore, denies all allegations.

**I.    STANDARD FOR DISMISSAL UNDER RULE 12(b)(6), SCRCP.**

Plaintiff only cites to Eleventh Circuit case law in setting forth the standard of review applicable to Ms. Reid's Motion to Dismiss Plaintiff's Complaint. Plaintiff completely fails to cite to any legal authority from either South Carolina or the Fourth Circuit. Therefore, Ms. Reid incorporates the standard for dismissal under Rule 12(b)(6) section previously set forth in her original Memorandum in Support of her Motion to Dismiss and requests that Plaintiff's proposed standard be wholly disregarded as inapposite.

**II.    THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS CASE.**

In his Opposition, Plaintiff incorrectly argues that this Court lacks subject matter jurisdiction because Defendant Ryan McLaughlin ("Ms. McLaughlin") and Plaintiff are both residents of the State of South Carolina. However, Plaintiff only joined Ms. McLaughlin to destroy complete diversity, and under the doctrine of fraudulent joinder, as set forth in *Mayes v. Rapoport*, 198 F.3d 457 (4th Cir. 1999), a non-diverse defendant named in a state court action may be disregarded for purposes of establishing diversity jurisdiction if there is no possibility that the Plaintiff would be able to establish a cause of action against the in-state defendant in state court. As fully set forth in Defendants' Joint Notice of Removal filed with this Court on November 25, 2019 (and hereby incorporated), Ms. McLaughlin should therefore be disregarded for purposes of diversity and this Court does have subject matter jurisdiction over this case.

**III.    PLAINTIFF HAS FAILED TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION FOR THE TORTIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP AGAINST MS. REID.**

Plaintiff's claim for tortious interference with contractual relations must fail because it is presumed that Hall was an at-will employee and he has not alleged any facts in the Complaint that would indicate otherwise. *See generally* Compl. Moreover, Plaintiff's assertion in his Opposition that "Reid makes the inexplicable assertion the Plaintiff did not have a contract with UBS"

2

indicates a lack of understanding of the pleading requirements under the law. Pl.'s Opp'n 2. In South Carolina, at will employment is presumed. *See Cape v. Greenville County School Dist.*, 365 S.C. 316, 319, 618 S.E.2d 881, 883 (2005). A plaintiff has the burden of rebutting this presumption by sufficiently alleging "each one of the material elements of the contract." *Rabon v. State Fin. Corp.*, 203 S.C. 183, 185, 26 S.E.2d 501, 502 (1943). But here, Plaintiff's Complaint completely fails to plead any material elements of a contract exist. In turn, the presumption that he is an at-will employee must control. Accordingly, Plaintiff has failed to plead the very first required element to establish a claim for tortious interference with contractual relations—the existence of a contract. *See Cape*, 365 S.C. at 319, 618 S.E.2d at 883; *see generally* Compl.

Likewise, Plaintiff makes absolutely no attempt to establish how Ms. Reid could possibly have had any knowledge of the alleged contract, its terms, or procured a breach of the same as is required by case law to set forth his claim. *See, e.g., First Union Mortgage Corp. v. Thomas*, 317 S.C. 63, 72-73, 451 S.E.2d 907, 913 (Ct. App. 1994) (*citing Todd v. S.C. Farm Bureau Mut. Ins. Co.*, 287 S.C. 190, 336 S.E.2d 472 (1985)) (listing required elements to establish a claim for tortious interference with contractual relations). Instead, Plaintiff simply states that such an "assertion is erroneous" and reincorporates his deficient Complaint. Pl.'s Opp'n 2. Thus, Plaintiff cannot establish not just one, but multiple required elements of his claim for tortious interference with contractual relations. As a result, his claim must be dismissed.

## IV.     **PLAINTIFF HAS FAILED TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION FOR DEFAMATION AGAINST MS. REID.**

Plaintiff fails to salvage his claim for defamation against Ms. Reid for a multitude of reasons. Without citing to any legal authority, Plaintiff assures this Court that he properly plead his claim even though his Complaint does no more than simply state, without more, that there were "fabricated and exaggerated misrepresentations" made without indication of what was said or to

3

whom, specifically, the alleged false statements were made. Compl. ¶¶ 29, 58. Plainly, Plaintiff has yet again wholly disregarded case law that clearly prohibits him from "merely summarily assert[ing] the elements of h[is] claim." *Sellers v. S.C. Autism Soc'y, Inc.*, No. 3:11-2163-CMC-JRM, 2012 U.S. Dist. LEXIS 39128, at *18 (D.S.C. 2012). *See also McNeil v. South Carolina Dep't of Corrections*, 743 S.E. 2d 843 (Ct. App. 2013) (finding complaint insufficient to state a claim for defamation because plaintiff did not set forth with any specificity what the alleged false statement was, whether any of the statements were published to a third party, or to whom the alleged statements were made).

But, even if his Complaint did offer more than mere assertions, Plaintiff's Opposition also completely ignores the fact that his Complaint fails to plead the required element of publication to a third party. *Campbell v. Intl Paper Co.*, No. 12-3042, 2013 WL 1874850, at *4 (D.S.C. May 3, 2013) (finding that plaintiff had not sufficiently pleaded the element of publication to a third party because plaintiff failed to allege "to whom the defendants made the statements at issue"). In this case, the alleged false statement was made by an employee (Ms. Reid) to the company's Human Resources Department during the course of a report by Ms. Reid of Plaintiff's alleged improper behavior. This type of internal communication between an employee and Human Resources is not considered a publication to a third party due to the intracorporate privilege rule. In essence, this type of internal communication is considered a communication in and amongst the corporation and is not a publication to a third party. *See Martin v. Boeing Co.,* No. 2:16-cv-02797-DCN, at *12 (D.S.C. Dec. 15, 2016) (refusing to allow an amendment to a complaint because "even if [Plaintiff] had sufficiently pleaded the elements required for a defamation action, he has not sufficiently pleaded that the alleged internal communication was not qualifiedly privileged and not in the normal course of business").

South Carolina Supreme Court case law that has specifically "recognized a qualified privilege attache[s] to communications between an employer and employee" in the "proper occasion" of reporting and investigating "alleged misconduct of [an] employee." *Wright v. Sparrow*, 298 S.C. 469, 474, 381 S.E.2d 503, 504 (Ct. App. 1989) (citing *Bell v. Bank of Abbeville*, 208 S.C. 490, 493, 38 S.E.2d 641 (1946)) (holding communications between employees regarding plaintiff's performance issues and potential termination and the investigation into the same was protected by qualified privilege); *see also Carter v. Morgan*, 34 Fed. Appx. 427, 429 (4th Cir. 2002) (citing *Happy 40, Inc. v. Miller*, 63 Md. App. 24 (Ct. Spec. App. 1985)) (holding communications between employees was protected by qualified privilege).

The public policy behind the intracorporate privilege rule is to promote responsible reporting of issues within the work place from the bottom to the top or, in certain situations, along the same, linear supervisory lines, without fear of reprisal against the person making the report. The rule encourages reporting of inappropriate work place actions or comments to those in the business who are responsible for addressing those issues - i.e. those who handle the hiring or discipline decisions, like the Human Resources Department.  Those persons who receive the reports are expected to take reasonable steps to investigate the report to ensure the report was made in good faith.  Without the intra-corporate privilege rule, there could be a chilling effect on responsible reporting to management by employees, for fear they could face a lawsuit for reporting the issue.

Here, the allegations Plaintiff asserts against Ms. Reid are directly related to the report to human resources of Plaintiff's conduct and the resulting investigation.  Therefore, a qualified privilege based on the intracorporate privilege doctrine attaches and insulates Ms. Reid from this

5

claim. Plaintiff cites to no case law or other legal authority in his Opposition to so much as suggest that any other outcome would be appropriate.

In short, the Opposition adds no color whatsoever to the deficient Complaint, which is nothing more than an impermissible "threadbare recital" of a defamation cause of action against Ms. Reid and must be dismissed. *Sellers*, No. 3:11-2163-CMC-JRM, at *18.

## V.    PLAINTIFF HAS FAILED TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION FOR CONSPIRACY AGAINST MS. REID.

### A.    No Additional Facts to Support a Conspiracy Claim Have Been Plead.

Plaintiff asserts that his Complaint alleges additional acts of an alleged conspiracy, as is specifically required by case law, in paragraphs 24, 62, and 64 of his Complaint. Pl.'s Opp'n 2. *See, e.g. Bryant v. Richland Cnty. Rec. Comm'n*, No. 3:16-cv-2885-MGL-TER, at *10 (D.S.C. Nov. 1, 2016) (quoting *Hackworth v. Greywood at Hammett, LLC*, 385 S.C. 110, 117, 682 S.E.2d 871, 874 (2009)) (internal citations omitted) (a "claim for civil conspiracy must allege additional acts in furtherance of a conspiracy rather than reallege other claims within the complaint."). However, Plaintiff fails to admit than he already incorporated and "reallege[d] the foregoing paragraphs" 23, 24, 25, and 29 into each and every cause of action listed in the Complaint. *See* Compl. ¶¶ 35, 39, 43, 48, 52, & 57. Importantly, these are the only paragraphs that contain any allegations that go toward the civil conspiracy, and all also go toward other causes of action. In his Opposition, Plaintiff attempts to assert that paragraph 24 is somehow unique to his seventh cause of action when, in reality, it is not. It is part of his case theme and part of the other causes of action alleged against the various Defendants. For example, the notion that UBS terminated Plaintiff to "advance its own goals" is contained in the Second Cause of Action, Compl., ¶ 41, against UBS. But, this is also part of the basis for the conspiracy claim "wherein McLaughlin

6

would be promoted in line with UBS's goals of advancing females into top positions within the company." Compl. ¶¶ 24, 62.

Likewise, paragraph 62 constitutes nothing more than an almost verbatim restating of paragraph 24. Compare Compl. ¶ 62 ("Upon information and belief, Reid and McLaughlin came together to create [sic] plan to target Plaintiff wherein Reid would gain job security and wherein McLaughlin would be promoted in line with UBS's goals of advancing females into top positions within the company."), with Compl. ¶ 24 ("Upon further information and belief, Reid conspired with McLaughlin to create [sic] plan wherein Reid would gain job security and wherein McLaughlin would be promoted in line with UBS's goals of advancing females into top positions within the company."). Plaintiff even made the exact same typographical error in both paragraphs—clearly signaling that he "copy and pasted" the text of one into the other before filing the Complaint. In turn, paragraph 62 also fails to allege any additional acts of an alleged conspiracy.

As a result, Plaintiff has not plead any additional facts unrelated to other causes of action to support his conspiracy claim. Accordingly, Ms. Reid respectfully requests immediate dismissal of the civil conspiracy claim.

### B.     Plaintiff has Failed to Plead Any Special Damages.

"'In order to establish a cause of action for civil conspiracy, a plaintiff must [allege] that there [are] special damages which arose specifically because of the conspiracy itself, and that were not caused by any related causes of action.'" *Flucker v. Gantt*, No. 11-03801-HB, at *13 (Bankr. D.S.C. Oct. 24, 2011) (citing *Alonso v. McAllister Towing of Charleston, Inc.*, 595 F.Supp.2d 645, 652 (D.S.C. 2009) (citation omitted)) (grating defendant's 12(b)(6) motion to dismiss complaint where plaintiff "merely recite[d] the elements for a claim of civil conspiracy" and failed to allege

special damages). "Special damages 'are not implied at law because they do not necessarily result from the wrong. Special damages must, therefore, be specifically alleged in the complaint to avoid surprise to the other party.'" *Id.* (quoting *Hackworth*, 385 S.C. at 117, 682 S.E.2d at 875).

Here, Paragraph 64 is the sole paragraph containing any allegation of special damages against Ms. Reid, but therein, Plaintiff merely states that he has "suffered special damages" without providing any basis or justification for such "damages." Pl.'s Opp'n 3; Compl. ¶ 64. Plaintiff states the damages exists, but that is all. Compl. ¶ 64. Clearly, this constitutes nothing more than Plaintiff "merely recite[ing] the elements for a claim of civil conspiracy," which is grounds for dismissal. *Flucker*, No. 11-03801-HB, at *13. As a result, paragraph 64 fails to satisfy the requirement that Plaintiff allege special damages, and the Complaint must be dismissed. *See, e.g., Bryant*, No. 3:16-cv-2885-MGL-TER, at *10 (citing *Vaught v. Waites*, 300 S.C. 201, 208, 387 S.E.2d 91, 95 (Ct. App. 1989)).

Plaintiff's failure to allege "special damages" going only to his civil conspiracy claim is terminal to the claim. *See, e.g.*, *Id.* At its heart, Plaintiff's Complaint attempts to allege that Ms. Reid somehow conspired with Ms. McLaughlin in an effort to get Plaintiff terminated. Compl. ¶¶ 61-64. However, even if such action did occur, which Ms. Reid denies, no damage could have occurred as a direct result of any alleged act by Ms. Reid. First, Plaintiff does not allege that Ms. Reid had any power or authority to investigate or make a decision as to Plaintiff's employment status. *See generally* Compl. Second, there is also no allegation that Ms. Reid had the power or authority to promote Ms. McLaughlin or provide herself with job security. *See generally* Compl.

Simply put, no action by Ms. Reid caused the alleged harm here. Instead, it was the change in Plaintiff's employment status that caused the alleged harm. No allegation has been made, nor

8

can it be made, that Ms. Reid had the power or authority to cause the said harm.  *See generally* Compl.

It is for these very reasons that civil conspiracy requires special damages be plead.  *See Hall v. Storm Team Constr. Inc.*, No. 6:18-cv-00753-AMQ, at *9 (D.S.C. Jun. 1, 2018) (quoting *Hackworth*, 385 S.C. at 117, 682 S.E.2d at 874).  Plaintiff has failed to specifically list any special damages in the Complaint and has identified no damages other than those already associated with prior causes of action listed in the Complaint.  See Compl. ¶¶ 61-64.  Thus, Plaintiff's Complaint must be dismissed for failure to specifically plead special damages.

    **C.**    **Plaintiff Failed to Address the Qualified Privilege Provided to Employees Who Report Misconduct.**

Plaintiff also disregards Supreme Court case law that has specifically "recognized a qualified privilege attache[s] to communications between an employer and employee" in the "proper occasion" of reporting and investigating "alleged misconduct of [an] employee."  *Wright v. Sparrow*, 298 S.C. 469, 474, 381 S.E.2d 503, 504 (Ct. App. 1989) (citing *Bell v. Bank of Abbeville*, 208 S.C. 490, 493, 38 S.E.2d 641 (1946)) (holding communications between employees regarding plaintiff's performance issues and potential termination and the investigation into the same was protected by qualified privilege); *see also Carter*, 34 Fed. Appx. at 429 (citing *Happy 40, Inc.*, 63 Md. App. At 24) (holding communications between employees was protected by qualified privilege).  The reasoning for such a qualified privilege for intracorporate communications has been discussed in the defamation section above and is incorporated herein.  Here, the allegations Plaintiff asserts against Ms. Reid are directly related to an internal company report made regarding Plaintiff's misconduct and the resulting investigation.  Therefore, qualified privilege attaches, insulates Ms. Reid from this claim, and mandates immediate dismissal of

9

Plaintiff's Complaint. Plaintiff cites to no case law whatsoever in his Opposition to so much as suggest that any other outcome would be appropriate.

### D. A Civil Conspiracy Claim Arising Out of a Termination is Barred Against any Individual Acting Within Her Authority as an Employee of the Corporation.

A civil conspiracy claim based on a termination is further barred under the reasoning set forth in *Angus v. Burroughs Chapin Co.*, which holds that "an at-will employee cannot sue his employer, *or anyone acting within his authority on behalf of his employer*, for civil conspiracy arising out of his termination." *Faile v. Lancaster Cnty.*, No. 0:11-2206-CMC, 2013 U.S. Dist. LEXIS 28384, at *9 (D.S.C. Mar. 1, 2013)) (emphasis added) (citing *Angus*, 358 S.C. 498, 596 S.E.2d 67 (Ct. App. 2004) ("*Angus I*"), *rev'd on unrelated grounds*, 368 S.C. 167, 628 S.E.2d 261 (2006) ("*Angus II*")) (dismissing corporation defendant as well as all five individual defendants because all were acting within the scope of their authority and thus as part of corporation); *see also Smith v. Palmetto Denture Care, P.A.*, No. 7:17-cv-1043-AMQ-KFM, at *11 (D.S.C. Jul. 27, 2018) (quoting Id.) (citing cases). Plaintiff is incorrect in his assertion this bar is limited to a corporation's defense.

In this case, no harm has been alleged other than the harm resulting from Plaintiff's termination. *See generally* Compl. As stated above, the allegations Plaintiff asserts against Ms. Reid appear to be directly related to an internal company report made regarding Plaintiff's misconduct and the resulting investigation. Such a report is certainly within Ms. Reid's scope of authority as an employee. Indeed, this is precisely why the same is protected by a qualified privilege. As a result, Plaintiff's only allegations against Ms. Reid go to acts falling squarely

within the scope of her authority as an employee and must be considered as acts that are part of the corporation for purposes of this civil conspiracy claim. *See Faile*, No. 0:11-2206-CMC, at *9.

Plaintiff attempts to salvage his claim against Ms. Reid by mistakenly arguing to this Court that intracorporate actions are considered conspiracies if the "conspiracy" involves a lower-level or non-management employee like Ms. Reid. Pl.'s Opp'n 3-4. However, Plaintiff's position is an oversimplification of the proper legal standard. The umbrella of protection under which an employee may fall pursuant to the intracorporate conspiracy doctrine includes far more employees than just "management of that corporation." Pl.'s Opp'n 4. Instead, as actually pointed out by Plaintiff, the types of individuals protected by the intracorporate conspiracy doctrine also includes "*anyone* acting within his authority on behalf of his employer." *Faile*, No. 0:11-2206-CMC, at *9 (emphasis added).

No allegation has been made that Ms. Reid acted outside the scope of her employment. *See generally* Compl. In fact, no direct allegation has been made at all regarding the actions of Ms. Reid. *See generally* Compl. Because no separate action has been alleged, it is impossible for Ms. McLaughlin and Ms. Reid to have conspired together in such a manner that would cause harm to Plaintiff. The fact that Plaintiff did not file a conspiracy cause of action against the corporation itself or any other additional employees is irrelevant. *See Goble v. Am. Ry. Express Co., et al.*, 124 S.C. 19, 26-27, 115 S.E. 900, 903 (1923) (stating that "it is impossible to conceive that a conspiracy between a corporation and its agents may be established by the act of such agents alone" where alleged conspirators were lower-level privates of the detective force).

As such, a civil conspiracy claim against Ms. Reid cannot survive pursuant to the intracorporate conspiracy doctrine and must be dismissed.

### E.     The Personal Stake Exception to the Intracorporate Doctrine Does Not Apply.

Finally, Plaintiff attempts to avoid the intracorporate conspiracy doctrine by arguing the personal stake exception to that doctrine. Pl.'s Opp'n 4.  However, while "South Carolina courts have allowed claims of civil conspiracy when there are allegations that officers, directors, employees or agents of a corporation are acting in furtherance of their personal interests and not the interests of the corporation or if they are acting outside the scope of their authority," the personal stake exception does not apply to all cases.  *Hall*, No. 6:18-cv-00753-AMQ, at *10 (dismissing civil conspiracy claim against employees due to plaintiff's failure to plead that individual defendants acted outside of their scope of authority and thus there was no support for the personal stake exception); *see also Pridgen v. Ward*, 391 S.C. 238, 246, 706 S.E.2d 58 (Ct. App. 2010).

In cases like this one, where the alleged action taken by the individual is related to an internal report of improper behavior and therefore subject to a qualified privilege, such action cannot also be held to be subject to the personal stake exception.  *See Anvar v. Greenville Hosp. System*, 2007 WL 8324255 at *4 (Ct. App. 2007) (holding the personal stake exception did not apply where a physician alleged a civil conspiracy between employees and agents of the hospital to suspend the physician after defendants reported the physician's alleged misconduct to a disciplinary board). This is because an employee reporting such misconduct only does so on behalf of the corporation and in furtherance of his or her job duties.  *See, e.g., Id.*  Here, the Complaint's only assertions against Ms. Reid appear related directly to an internal report of improper behavior by Plaintiff and are therefore subject to a qualified privilege.  The Complaint also does not contain

any allegation that Ms. Reid "act[ed] outside the scope of [her] authority." *Hall*, No. 6:18-cv-00753-AMQ, at \*10. *See generally* Compl. In turn, no action allegedly taken by Ms. Reid, even if accepted as true, can also be held to be subject to the personal stake exception to the intracorporate conspiracy doctrine and this conspiracy claim must fail. *See Id.* (dismissing civil conspiracy claim against employees for the same reason as circumstance provide here).

Based on the forgoing, Plaintiff's conspiracy cause of action should be dismissed in its entirety.

## VI.     PLAINTIFF SHOULD BE DENIED LEAVE TO AMEND.

To the extent this Court considers Plaintiff's request to amend his Complaint, Defendant respectfully requests Plaintiff be instructed to file a Motion to Amend according to the Federal Rules of Civil Procedure such that Ms. Reid can properly raise the futility argument, including the attachment of documents that make clear facts such as Plaintiff was employed at-will and had no contract of employment. The attachment of such documents are not appropriate in the context of this Response, but would be appropriate to show the futility of a Motion to Amend.

## VII.     CONCLUSION

For the foregoing reasons, Ms. Reid respectfully requests that the Court dismiss, with prejudice, Plaintiff's Complaint pursuant to Rule 12(b)(6), SCRCP. Ms. Reid further respectfully requests that the Court order Plaintiff pay her related attorneys' fees and costs.

Dated this 23rd day of December 2019.

                Respectfully submitted,

                s/Ashley P. Cuttino
                Ashley P. Cuttino, Fed. ID # 9215
                Evelyn A. Norton, Fed. ID # 13173

                Attorneys for Defendant
                Mary Lucy Reid

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C
The Ogletree Building
300 North Main Street, Suite 500 (29601)
Post Office Box 2757
Greenville, SC  29602
Phone:        864.271.1300
Facsimile:   864.235.8806

41192793.1