IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Curt O. Hall,  )<br> )<br>Plaintiff,  )<br> )<br>v.  )<br> )<br>UBS Financial Services Inc., Mary Lucy Reid,  )<br>Individually, and Ryan McLaughlin, Individually,  )<br> )<br>Defendants.  )<br> ) | C.A. No.: 6:19-CV-03316-TMC |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT UBS FINANCIAL SERVICES INC. AND MARY LUCY REID'S MOTION
TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Plaintiff Curt O. Hall ("Plaintiff"), by and through his undersigned counsel, hereby submits this Memorandum in Opposition to Defendant UBS Financial Services Inc. ("UBS") and Mary Lucy Reid ("Reid" and collectively with UBS "Defendants")'s Motion to Compel Arbitration and Stay Proceedings in the above-captioned matter.

**INTRODUCTION**

In their Motion to Compel Arbitration and Stay Proceedings (collectively the "Motion"), Defendants allege, among other things. they haven't waived their right to arbitrate. For the following reasons, UBS' Motion as to all Plaintiff's cause of action against it should be DENIED.

**ARGUMENT**

**I.   DEFENDANTS HAVE WAIVED THEIR RIGHT TO ARBITRATE**

"Generally, the factors our courts consider to determine if a party waived its right to compel arbitration are: (1) whether a substantial length of time transpired between the commencement of

1

the action and the commencement of the motion to compel arbitration; (2) whether the party requesting arbitration engaged in extensive discovery before moving to compel arbitration; and (3) whether the non-moving party was prejudiced by the delay in seeking arbitration." *Rhodes v. Benson Chrysler-Plymouth*, 374 S.C. 122, 126 (S.C. Ct. App. 2007).

In the matter at hand, while there has not been any discovery engaged in, the procedural posture of the case has led to an extensive length of time transpired between the commencement of the action and the commencement of Defendant's motion and a substantial prejudice against Defendant by the delay.

Plaintiff filed its Complaint on October 21, 2019 and 303 days afterwards, Defendants filed this instant motion. In those 303 days, Defendants removed the matter to this Court from South Carolina State Court (and thereby intentionally choosing this forum) insisting that Plaintiff's joinder of Defendant Ryan McLaughlin was fraudulent, Defendants filed and litigated a Motion to Dismiss and Plaintiff filed and litigated a Motion to Remand. Even in their responses to the Local Rule 26.03 answers to interrogatories, Defendants state that "Defendants removed the case to this Court on November 25, 2019, and the procedural history thereafter is somewhat complex." (ECF 64, Pg 2). Moreover, it was only after this Honorable Court informed the parties that the Court was going to certify questions to the South Carolina Supreme Court that Defendants filed this motion. Their filing was an obvious attempt to avoid addressing the Certified Questions instead of a legitimate realization that an arbitration clause could be at issue. This blatant attempt to avoid addressing the Certified Questions is just a backdoor attempt at taking advantage of the judicial system. Now, in February 2022, after Defendants have sought extensive assistance from the

Court and the South Carolina Supreme Court had answered the Certified Questions, Plaintiff will be even further prejudiced if it is not allowed to proceed in the forum of Defendants' choosing.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion to Compel Arbitration and Stay Proceedings be DENIED.

Respectfully submitted the 4th of February 2022.

TOWNES B. JOHNSON III, LLC

/s/ Townes B. Johnson III
Townes B. Johnson III (Fed ID: 10046)
P.O. Box 9246
Greenville, SC 29604
(864) 757-4899
tjohnson@sc.legal

*Attorneys for Plaintiff*