**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Curt O. Hall, )<br><br>Plaintiff, )<br>)<br>v. )<br>)<br>UBS Financial Services Inc., Mary Lucy Reid, )<br>Individually, and Ryan McLaughlin, Individually, )<br>)<br>Defendants. )<br>——————————————————— ) | C.A. No.: 6:19-CV-03316-TMC |

## PLAINTIFF'S RESPONSES TO LOCAL RULE 26.03 INTERROGATORIES

Plaintiff responds to the Interrogatories under Local Civil Rule 26.03 DSC as follows:

**INTERROGATORY NO. 1:** A short statement of the facts of the case.

 **ANSWER:**   Plaintiff Curt O. Hall ("Plaintiff") was the branch manager at for Defendant UBS Financial Services Inc. ("UBS") in its Greenville, South Carolina office.   As part of Plaintiff's duties in managing the Greenville office, Plaintiff routinely organized team building, relational, social outings with the Greenville team itself and with other UBS teams or personnel visiting Greenville.   On September 1, 2017, a UBS client service associate asked Plaintiff to organize a happy hour and Plaintiff, accordingly, did so at Nose Dive, a restaurant in downtown Greenville. Defendant Mary Lucy Reid ("Reid"), along with several other UBS personnel, attended the September 1, 2017 happy hour.   At the happy hour, Reid told Plaintiff and others that she believed she and her boyfriend at the time were going to separate and that she was scared to go home.   As the happy hour continued, Reid continued to relay to Plaintiff and others that she was concerned about going home.   Plaintiff, concerned for Reid's safety and well-being, asked Reid how he

1

could help; including offering her a place to stay for the evening.   After the happy hour, Plaintiff invited all participants of the happy hour to join him for dinner down the street.   Reid and a friend of Reid's decided to join Plaintiff for dinner.   At dinner, Reid continued to relay to Plaintiff and her friend about her personal problems.   After dinner, Reid and her friend insisted that they give Plaintiff a ride home instead of Plaintiff taking an Uber ride.   Plaintiff accepted and sat in the back seat of the vehicle.   After being seated, Reid, despite the front passenger seat being available, got in the back of the vehicle and Reid's friend drove Plaintiff home.   Upon arriving at his home, Plaintiff asked Reid if she was going to be okay and Reid responded affirmatively.   Upon hearing Reid respond affirmatively, Plaintiff gave Reid a European-style consolatory cheek kiss and exited the car.   Later that evening, still concerned for Reid's safety and well-being, Plaintiff messaged Reid to ensure she was okay and again offered her a place to stay for the evening if she needed it. Plaintiff further stated that he was outside playing with his dog.   Reid wrote back regarding the dog and that was the end of the events of September 1, 2017.   Other than a prior United Way campaign trip to Costco, Plaintiff had never been one on one with Reid and had never asked Reid to do anything one on one.   Upon information and belief, prior to October 2017, Reid was concerned about her job performance with UBS.   Upon further information and belief, Reid conspired others to create plan wherein Reid would gain job security and wherein a female would be promoted in line with UBS's goals of advancing females into top positions within the company. Upon further information and belief, in conjunction with their plan, Reid fabricated and exaggerated the events of September 1, 2017, Plaintiff's general advances towards her and Plaintiff's relationships with other employees in the Greenville office to the Human Resources department at UBS.   Thereafter, on or around October 3, 2017, Plaintiff was questioned by a UBS

Human Resources associate about the events of September 1, 2017, wherein Plaintiff fully explained the sequence of events and the circumstances related to the events. Plaintiff was never informed of the baseless allegations related to Plaintiff's relationships with other employees in the Greenville office. Despite a clear compliance record, success as a branch manager and wonderful reviews from all on the Greenville team but for Reid, UBS took no further efforts to corroborate the truth of the events of September 1, 2017 and/or Plaintiff's relationships with other employees in the Greenville office. As the direct and proximate result of Reid's scheme, the resulting fabricated and exaggerated misrepresentations of the events of September 1, 2017 and Plaintiff's relationships with Reid and other employees in the Greenville office and UBS's cursory investigation, UBS terminated Plaintiff on October 17, 2017. Upon information and belief, UBS's decision to terminate Plaintiff was based on its goals of advancing females into top positions within the company and that was why UBS only performed a cursory investigation into the allegations against Plaintiff. In connection with the cursory investigation, UBS maliciously and negligently reported to Financial Industry Regulatory Authority, Inc. ("FINRA") that Plaintiff had been discharged for "[v]iolation of HR policies related to professional conduct." As the direct and proximate result of UBS's malicious and negligent reporting and the resulting disparagement to Plaintiff's name, Plaintiff lost numerous employment opportunities.

**INTERROGATORY NO. 2:** The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

  **ANSWER:**  a) Plaintiff

Plaintiff will testify regarding his employment and the allegations of his Complaint

          b) Mary Lucy Reid

Mary Lucy Reid is expected to testify regarding the events of September 1, 2017, her HR reports

3

regarding same, her performance at UBS prior to same, her communications with other UBS employees regarding same, her knowledge of UBS's policies.

   c) Ryan McLaughlin

Ryan McLaughlin is expected to testify regarding her communications with other UBS employees regarding Plaintiff and her knowledge of UBS's policies.

   d) Sara Morris

Sara Morris is expected to testify regarding the events of September 1, 2017.

   e) Maura Maness

Maura Maness is expected to testify regarding the events of September 1, 2017.

   f) Keifer Ogburn

Keifer Ogburn is expected to testify regarding the events of September 1, 2017.

   g) Sarah Clayton

Sarah Clayton is expected to testify regarding the events of September 1, 2017.

   h) Melissa Aronson

Melissa Aronson is expected to testify regarding the events of September 1, 2017.

   i) Ann [Last Name Unknown]

Ann is expected to testify regarding the events of September 1, 2017.

   j) Robert Tamarkin

Robert Tamarkin is expected to testify regarding UBS's investigation the events of September 1, 2017

   k) Anissa Calhoun

Anissa Calhoun is expected to testify regarding UBS's investigation the events of September 1,

4

2017 and her communications with Mary Lucy Reid

       l)  Mike Lee

Mike Lee is expected to testify regarding UBS's investigation the events of September 1, 2017

       m)  Molly Dunlap

Molly Dunlap is expected to testify regarding UBS's investigation the events of September 1, 2017

       n)  Michele Tate

Michele Tate is expected to testify regarding UBS's investigation the events of September 1, 2017

       o)  Bert Arrowood

Bert Arrowood is expected to testify regarding UBS's investigation the events of September 1, 2017

       p)  Brad Smithy

Brad Smithy is expected to testify regarding UBS's investigation the events of September 1, 2017

       q)  Jerry Hornowski

Jerry Hornowski is expected to testify regarding UBS's investigation the events of September 1, 2017

       r)  Representatives of UBS

Representatives of UBS who have knowledge of UBS's investigation of Plaintiff and the events of September 1, 2017 and UBS's goals of advancing females

       s)  Charlie Alford

Charlie Alford is expected to testify as to the damages caused to Plaintiff.

       t)  Any witness named by any other party to this action.

**INTERROGATORY NO. 3:** The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**ANSWER:** Charlie Alford, Economic Damages suffered by Plaintiff

**INTERROGATORY NO. 4:** A summary of the claims or defenses with statutory and/or case citations supporting the same.

**ANSWER:** Plaintiff has brought claims for negligence (*see e.g. Crolley v. Hutchins*, 300 S.C. 355, 387 S.E.2d 716 (Ct. App. 1989), breach of implied covenant of good faith and fair dealing (*see e.g. Hall v. UBS*, No. 2020-001195, 2021), breach of fiduciary duty (*see e.g. Kuznik v. Bees Ferry Assocs.*, 538 S.E.2d 15 (Ct. App. 2000), defamation (*see. e.g. Holtzscheiter v. Thomson Newspapers, Inc.*, 506 S.E.2d 497 (1998), tortious interference with a contractual relationship (*see. e.g. DeBerry v. McCain*, 274 S.E.2d 293 (1981), and conspiracy (*see e.g. LaMotte v. Punchline of Columbia, Inc.*, 370 S.E.2d 711 (1988).

**INTERROGATORY NO. 5:** Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):
(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.
(b) Completion of discovery.

**ANSWER:** Plaintiff agrees that the current deadlines established by the Conference and Scheduling Order are appropriate at this time.

**INTERROGATORY NO. 6:** Any special circumstances that would affect the time frames applied in preparing the scheduling order. *See generally* Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).

**ANSWER:** Barring any new developments with the Covid-19 pandemic, none identified at this time.

**INTERROGATORY NO. 7:** Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.

**ANSWER:** The parties have agreed to waiver initial disclosures under Rule 26(a)(1) of the

Federal Rules of Civil Procedure.

Respectfully submitted the 4th of February 2022.

TOWNES B. JOHNSON III, LLC


/s/ Townes B. Johnson III
Townes B. Johnson III (Fed ID: 10046)
P.O. Box 9246
Greenville, SC 29604
(864) 757-4899
tjohnson@sc.legal

*Attorneys for Plaintiff*

7